NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3215

WILLIE J. HAMILTON,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: March 10, 2005

_____

Before MAYER, LOURIE, and BRYSON, Circuit Judges.

PER CURIAM.

Willie J. Hamilton appeals the final decision of the Merit Systems Protection Board upholding a settlement agreement between him and the Department of Veterans Affairs ("agency"). Hamilton v. Dep't of Veterans Affairs, DE-1221-99-0359-B-1 (MSPB Mar. 12, 2004). We affirm.

We must affirm the board's decision unless we determine that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or if not supported by substantial evidence. See 5 U.S.C. § 7703(c) (2000); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986). The settlement agreement

may be set aside if Hamilton proves the agreement invalid on the basis of fraud, coercion or mutual mistake. Asberry v. United States Postal Serv., 692 F.2d 1378 (Fed. Cir. 1982). To establish a mutual mistake of fact, Hamilton must show that: (1) the parties to the contract were mistaken in their belief regarding a fact; (2) that mistaken belief constituted a basic assumption underlying the contract; (3) the mistake had a material effect on the bargain; and (4) the contract did not put the risk of the mistake on the party seeking reformation. See Atlas Corp. v. United States, 895 F.2d 745, 750 (Fed. Cir. 1990) (citations omitted).

The board examined whether Hamilton was fraudulently led to believe, or shared a mutually mistaken belief, that he could not receive a Federal Employees Retirement System ("FERS") disability retirement after he had withdrawn his retirement contributions, thus making the settlement agreement invalid. Substantial evidence supports the administrative judge's finding that because Office of Personnel Management policy at the time of the settlement agreement allowed a former employee to receive a FERS disability retirement even though he had withdrawn his retirement contributions, Hamilton was never prohibited from applying for and possibly receiving a FERS disability retirement. Therefore, Hamilton's withdrawal of his retirement contributions could not ground a finding of mutual mistake. Because Hamilton failed to prove mutual mistake or fraud, the board did not abuse its discretion dismissing the appeal as settled.